Welcome, ladies and gentlemen, to the Ninth Circuit. Judge Hawkins and I are honored to have Judge Barbara Lynn, Chief Judge of the Northern District of Texas, who is sitting with us by designation today, so we're pleased to welcome her and thank her for her willingness to help us. We have three argued cases today, but it's going to be a little unusual the way we're going to proceed. We'll hear Davis and the town of Colorado City first, and then we will take a five-minute recess. The final case, Reals v. Brandon, is going to be in a sealed courtroom. So we will have everyone who is not either one of our law clerks or an attorney directly related to that case will be asked to leave the courtroom. Then we'll hold that case. And when that's done, we have some students who are coming in, and our law clerks will answer all their questions while we're doing our conference, and then we'll come out. We probably won't be able to answer any of their questions, but we'll try. So let's begin with the first argued case today, which is United States v. Davis. Please proceed, counsel. Judge Hawkins V. Davis Mr. Sasso, on behalf of Ricky Davis, I would like to reserve two minutes, please. Judge Hawkins We'll try to help you. Watch your back, okay? Judge Sasso Your Honor, because the district court committed several procedural errors when it imposed the custodial sentence, this Court cannot have confidence that the 25-year sentence is not greater than necessary to accomplish the penological goals of sentencing. Specifically, the district court failed to properly calculate the guidelines, and it failed to engage with Davis's disparity argument in any way that could give this Court confidence that the Court heard, understood, and considered Davis's arguments before the imposition of judgment, and that it had a reasoned basis for rejecting Davis's arguments. Judge Sasso He stands convicted of sexual exploitation of a minor. Correct? Judge Hawkins 2251, yes, Your Honor. Judge Sasso An offense committed when he was on parole for attempted murder of a 14-year-old child? Judge Hawkins That is correct, Your Honor. He was near the very end of his parole without incident, and as I had explained to the judge, those two incidences really should not be connected. They don't speak to one another. And the Court, the government argued that that should be a basis for sentencing, and the Court very carefully did not list protection of the public as one of the basis. The primary basis for the sentence was seriousness of the offense conduct, and that's where the disparity arguments were squarely addressed and called strongly into question the district court's assessment that Davis's conduct fell on the far end of the spectrum of seriousness when you consider the conduct that's prescribed by 2251. And particularly concerning is how the district court described the seriousness of the offense and why it believed it was serious. It looked to the fact that the individual Davis involved, the minor in sexually explicit conduct took photos, put them up on the Internet, albeit for a brief period of time. Now while that's troubling, it also is essentially the base offense elements of 2251. So if we look at the broader statutory framework, 2243, an individual who has sex with a minor between 12 and 16 years old repeatedly for years on end, the most they can get is 15 years in custody. And 2252, distribution of child pornography, masses and masses of child pornography for personal and financial gain for years on end, the most an individual can get is 20 years. Was he sexually involved with the 14-year-old that he attempted to murder? He was 20 years old, and that was his girlfriend, yes, Your Honor. That is my understanding, yes. And the individual at that time was a gang member who was high on PCP, and that's why I discussed with the court and why it appears to have rejected the argument with respect to the need to protect the public. And that's where the court's utter failure to even offer any sort of explanation as to why it was rejecting the disparity argument is particularly concerning, particularly if you look at 2251. It's broken down into subsection A and B. And subsection B is not the conviction Davis was convicted under A. And subsection B is reserved for the individual, the parent, the guardian, who rapes their toddler for years on end and distributes the pictures for personal or financial gain and stops only when law enforcement intervenes. That's at the far end of the spectrum of what we have here. But, counsel, with respect, although I may have some sympathy for your views with respect to special condition aid, with respect to the 25-year sentence, I mean, as my colleague has pointed out, this man had a serious prior criminal record. It was part of his criminal history. That was part of the consideration of the court, because the calculation under the Guidelines includes that. And he — when we're talking about a 3553A analysis, the court's not required to tick off each of the things it considered in making the determination, is it? It is not, Your Honor, but it was very clear in the basis of why it was sentenced the way it was sentencing. And the government specifically argued that dangerousness was a basis, and the court didn't impose sentence on that basis. So why should we assume that, just because the court did not mention the safety of the public were to presume the judge did not consider that? When the district court specifically talked about the prior offense, it did so in the context of deterrence. And that's — so I think we do have to look at what the district court did, and I think the issue here is not whether this Court could justify the sentence. It is an abuse of discretion not to consider non-frivolous arguments that are tethered to a 3553 argument. And if we look at the sentences that other courts have imposed under 2251 for far more egregious conduct, we — Davis is an outlier, and the failure to engage in any way and offer an explanation, as this Court said, is not merely consideration that's required. It is an explanation. But with respect, counsel, are you arguing that when sentencing this defendant, that the district court was required to essentially research all these other cases that you're referring to, analyze those, make a determination whether this sentence fell within a particular range, or to the contrary, do we have a requirement that the plaintiff's chief portion of 3553A look at the — what the guidelines provide, make a determination? Isn't that what we're dealing with here? It seems to me you're asking for the Court to do far more than at least our case law requires it to do. I would disagree, Your Honor. Trujillo specifically says this Court's not concerned with consideration, but specifically with explanation. And while some situations like the — That's a different kind of a case, is it not, Trujillo? I — well, I — it's an — you have to have an explanation. If you look at Rita in the Supreme Court, or Cardi, the explanation that was needed in those cases was not significant because those cases dealt with 3553A1, the history and circumstances of a defendant, and the weighing of it. And the weighing of those factors are clearly within the discretion of the district court, so there's not much explanation needed. That's exactly what we have here, isn't it? Your Honor, I would strongly disagree. We have a disparity argument, which the Court never even engaged in, and the disparity argument squarely calls into question how — I can't fathom an argument that could explain how seriousness of this conduct would put someone at the far end of the spectrum, as the Court stated, without any explanation that it had heard, understood, considered, let alone offered any explanation for why it was rejecting the argument. When you say the far end of the spectrum, I think we're in agreement that the range is 15 to 30, and the judge discounts that by a third. He knocks 5 years off, one-third, and he — I don't know if he buried or he departed. It's not clear in the record. You know, I don't. It doesn't matter for these purposes. So for some reason, consideration of all of the arguments that you made, the Court did not sentence him at the top end. Your Honor, under 3553a1, there's two prongs. One is the nature and circumstances of the offense, and one is history and characteristics of the defendant. The district court varied down very clearly on the basis of the history and circumstances of the defendant, the fact that he was no longer in the gang, that he was not using drugs, that he had strong family support, that he had employment. So what the issue in terms of disparity argument went to the first prong, which is the nature and circumstances of the offense, and the fact that under a6, the disparity — the Court had to offer some sort of explanation. It could have formulated some basis for sentencing Davis as it did, but as — based on the reasoning of the Court and the failure to offer an explanation, this Court cannot be confident that the district court imposed a sentence that accurately considered all of the 3553a vectors. Kennedy. You said you wanted to save two minutes. You have less than that now. Do you want to save the rest of your time, or do you want to go proceed? Yes. I know that the Court was wanting to talk about the Condition 8, and I think the district court abused its discretion. With respect to the imposition of Special Condition 8, I think because of the lack of notice, this Court does have to remand. But because — because I think we do have to go back, I would like this Court to address the constitutional concerns with respect to Special Condition 8, specifically the delegation to the probation officer and the unconstitutional vagueness and the unworkability of defining an individual's liberty interests with respect to whatever a probation officer deems to be an inappropriate description of sexual conduct between adults. Good morning, Your Honors. Brian Enos, United States. At the outset, I'd like to briefly emphasize that at the sentencing hearing, the district court was careful to explain the multitude of bases in support of the sentence imposed on Mr. Davis. Within pages 30 through 43 of the excerpts of record, the Court addressed aggravating circumstances, not just with respect to the facts of the case, but also with respect to defendants' criminal history, as well as the fact he was on parole at the time. The Court also specifically referenced deterrence. In fact, in this case mentioned he wasn't sure the defendant knew what criminal conduct was, so deterrence was important in this case. The Court further addressed mitigation. It also addressed not just other cases that it had sentenced on 2251 convictions, just in its courtroom, but also in its courthouse. And the Court indeed stated on page 43, lines 1 through 11, that it had considered all of the cases presented by the defense counsel in her resentencing brief. I heard Judge Smith say there were some concerns about Special Condition 8, so I'd like to pivot there. However, I welcome any questions about the sentence imposed 25 years at any time. Let me just phrase this. I was on Genki, so I, you know, the U.S. v. Genki case, or however you pronounce it. The G-N-I-R-K-E. Correct. Okay. Okay. What I'm concerned about here is two things, and correct me if I'm wrong on that, my understanding of the facts. As I recall, although the condition with respect to child pornography was clearly in there and in the previous record, the aspect of adult pornography was added at the last minute. There was no notice about that, if I recall correctly. Is that correct? Are you talking about our case specifically? This case. Yes. No, it's not correct. What we have here is very similar special conditions as those that were in the NERCI case, both before and after the NERCI decision was published. Okay. Let me just be sure I understand. I understand about the child pornography portion, but was the portion that dealt with his inability to look at, I mean, basically it covers Lady Chatterley's lover and everything else you can imagine in this case. I mean, it was anything related to adult sexual activity of any kind that he could not look at that without the consent of the probation officer. Aside from being vague, I have some question about his constitutionality, but let's focus on the fact that it was not in the special condition until the actual sentence was imposed. Is that wrong? Yes. The adult part. The adult part. Yes. The special condition that was in the PSR, the same PSR was used both in the 2015 sentencing as well as the 2017 resentencing. It was still special condition A, and it was more onerous than the softened condition that Judge Ishii had articulated pursuant to the publication of NERCI, and I apologize as well if I'm mispronouncing that. Well, we just know what case we're talking about, right? Right. Okay. And so beforehand in the PSR, it was a blanket prohibition. Thou shalt not have anything that falls within the definition of 2256-2, sexual explicit conduct. It applied to writings. It applied to visual depictions. It didn't separate out whether it applied to children or adults. Did it leave the definition to the probation office? It didn't even do that at the ... Well, it implied in there, sure, the ... I mean, I've had cases where- The condition we have in front of us right now, doesn't it leave definition to the probation office? It does. And what it does is it follows NERCI 100% in spirit, virtually word for word, by saying, look, we're now going to soften the blanket prohibition with respect to adult pornography to now restricting it, and if the probation office deems it inappropriate, then you cannot have it. And that precise language was in NERCI, and so what the district court did at sentencing was he used some proactive prudence, and even though there was no objection to the original more onerous special condition eight, either in the 2015 or the 2017 sentencing briefs by the defense, there wasn't any problem with it at all. He nevertheless sua sponte softened it, aware of this case, tracked the language in NERCI, and therefore created a less onerous condition than that which was not objected to at the outset. Wasn't this imposed after the sentencing? It would ... Is there a yes or no in your vocabulary? There is. It was imposed after the 25-year sentence. So the answer is yes. Yes. It was ... after that- And this is a condition that requires prior notice. Yes or no? Yes. Conditions require- And he didn't receive prior notice. Yes. Correct. That's correct. With an asterisk. There was prior notice with respect to the more onerous condition, with respect to how  the sentencing itself. The condition before this panel imposed by the district court was attached after sentencing, correct? It was articulated at the sentencing hearing, yes. But it was added on top of the child section, right? Correct. So the written language was added after the sentencing hearing. The same language was articulated by the court during the sentencing hearing. And that's why I had a little difficulty going with a straight yes without an explanation. The way to deal with a question like that is to say the answer is yes, but ... Understood. Okay. What else you got? With respect to the scope of the condition itself, there was some language in the reply brief saying, hey, this scope of the condition talks about describing, not just depicting. I just want to state that the description language in the new special condition 8 is still loyal to NERCI. NERCI relied on two definitions, one from Black's Law, one from Oxford Dictionary. The Black's Law Dictionary specifically contemplates writings. The Oxford Dictionary specifically contemplates descriptions. But in NERCI, wasn't there a factual record that made it logical for there to be a restriction on adult pornography? I don't see any of that here. Here, the case suggests so long as it's in the record, the court doesn't have to articulate it at sentencing. And here's what we have in the record. I think it is here. With respect to Mr. Davis's original conviction, he was engaged in sexual relations with a post-pubescent yet minor female. With respect to the conviction, the facts relevant to this conviction, he was engaged in sexual relations with a post-pubescent yet minor female. So I think there is a factual tether to, hey, we really need to restrict adult pornography here because this defendant has evidenced a dedicated interest in the sexual abuse of post-pubescent women. What is the purpose of the requirement for prior notice? To give parties an opportunity to respond to it. And did they have that opportunity? Not before the actual sentencing itself. The answer is no. Correct? Correct. I just want to be sure that we are all saying the same thing here. In NERCI, I think we had an adult-adult situation. That's very understandable. Here you have, as you describe it, a post-pubescent female, i.e., a child for purposes of the law and child pornography. Clearly a condition that bans that, which the first part does. Clear connection. But with respect to adult pornography, here it talks about including computer images, pictures, photographs, books, writings, drawings, videos, or video games. You couldn't go to the Broad Museum in L.A. You couldn't go to any of the museums in town anywhere without seeing something that would run afoul of that, would you? Basically, you just have to stay home and read comic books, maybe not even all comic books. Well, I think, no. The NERCI case defined pornography as something that's explicitly sexually stimulating. No, that's not my point, Counselor. The question is the nature. Again, nobody's arguing that there's a problem with the portion of the condition that restricts looking at child pornography. But this covers the second part that was added, as my colleague pointed out, at the last minute after the 25-year sentence. We had no notice at all. It covers everything. There's no limitation whatsoever. As far as I know, there's no indication in this record that this defendant has ever been convicted of raping an adult female or raping an adult male or whatever. But it was confined to children. So my question is, what's the rational connection under Wolfchild and others that you explain how a restriction on adult pornography is tied to the crime that this person was convicted of? The rational connection, in part, goes back to Mr. Davis's defense, where he claimed that the 13-year-old with whom he was having sexual relations and posted her images on the Internet was above 18, even though the evidence in trial said she was below 18. So there really is a vagueness there with respect to the scope of Mr. Davis's appearing interest in women. And this condition here addresses that above and beyond just with respect to the child pornography component. That study is not even limited to women. It's adults. It could be anything. It could be a gay man, whatever. It doesn't matter. Right? Isn't that what the second part is? That's correct. Yeah, that's correct. Any other questions by my colleague? All right. Thank you, Governor. Thank you for your time. Counsel? We have a little rebuttal time. Yes, Your Honor. I just want to state that the condition was profoundly different, and I would disagree that it was less onerous. My client went from having his supervised release defined by statutory terms to suddenly having his liberty interest hang in the balance of whatever a probation officer deemed to be an inappropriate description of sexual conduct. Was there ever any discussion with the probation officer or in the record anywhere in the PSR that talked about sexual conduct with adults? No, Your Honor. There's no information that my client has any unhealthy relationship with adult pornography or adult descriptions of sexual conduct or that he has any issue in terms of relations with adults. The only other relationship that's at issue was the relationship with his girlfriend, where, yes, she was a minor and he was an adult, but they were relatively close in age. And then we have this case. But there's no issue in terms of any concern about adult pornography or adult sex or anything that would justify this condition. Okay. Let me ask my colleague. Any other questions by my colleague? Thank you both for your argument. We appreciate it. The case just argued is submitted.
judges: Hawkins, M. Smith, Jr., Lynn